RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/1/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**MICHAEL COOPER (#39143)**      **DOCKET NO. 13-CV-3209; SEC. P**

**VERSUS**      **JUDGE DEE D. DRELL**

**NICOLE WALKER, ET AL.**      **MAGISTRATE JUDGE JAMES D. KIRK**

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Michael Cooper. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), and he is currently incarcerated at Winn Correctional Center (WNC). Plaintiff names as defendants: Nicole Walker, Mona Heyse, Mark Davis and Warden Tim Keith. Plaintiff claims that he has been deprived of adequate medical care.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff previously filed a civil rights claim in 2009, claiming that the defendants in that case refused to let him use a portable continuous positive airway pressure (CPAP) machine until he quit smoking. Ultimately, a jury trial was held on March 29, 2013, with the court granting the defendants' motion to dismiss as a matter of law. Cooper v. Wilkinson, et al., 1:09-cv-1568, affirmed 2013 WL 6069435 (5th Cir. 11/19/13).

Plaintiff filed the captioned suit on December 6, 2013. He alleges that an Ear, Nose, and Throat (ENT) doctor at LSU wrote a prescription for **filters, a new mask, and a humidifier with heat, as needed**. [Doc. #1-1, p.5] Plaintiff states that he needed a new filter on March 28, 2013. He brought the machine to the medical department, and they ordered filters on that date - March 28, 2013. [Doc. #1-1, p.19] Because the filter needed to be ordered, the machine was returned to Plaintiff without the mew filter. Plaintiff complained in writing to Tim Keith and Nicole Walker on March 30, 2013, and April 1, 2013, about not having the filter yet. Keith and Walker responded that filters had been ordered on March 28, 2013. [Doc. #1-1, p.19] Plaintiff states that he did not receive the filter until April 23, 2013.

On August 12, 2013, Plaintiff complained that he still did not have the heated humidifier as prescribed by the outside ENT. Plaintiff complains that he was provided saline nasal spray in lieu of the humidifier. However, he was provided with the heated humidifier on October 29, 2013. [Doc. #1-1, p.31]

As a result of the delayed medical care, Plaintiff alleges that he suffered from coughing, dizziness, trouble eating and swallowing, and nosebleeds.

### Law and Analysis

Plaintiff complains that the defendants failed to timely provide him with the treatment prescribed by an outside physician.

2

In order to state a claim for delayed medical treatment there must have been deliberate indifference to serious medical needs, which results in harm. See Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). Deliberate indifference is "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Farmer v. Brennan, 511 U.S. 825, 835 (1994). The defendants must have possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302 (1991); Farmer, 511 U.S. at 838-47.

The disagreement with diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Plaintiff claims that the defendants' acted with deliberate indifference by failing to follow the order of an outside doctor. Plaintiff also believes that WNC should have had the filter on hand the day it was requested, due to the prescription from the outside physician.

First, the prescription from LSU Hospital dated May 2012, prescribed filters, new mask, and heated humidifier, *as needed*. Plaintiff informed the defendants on March 28, 2013, that a new filter was needed. According to documents submitted by Plaintiff, the filter was indeed ordered that day. [Doc. #1-1, p.19]

Plaintiff complained in writing to Tim Keith and Nicole Walker on March 30, 2013, and April 1, 2013, about not having the filter yet. Plaintiff states that he received the filter on April 23, 2013, which is less than one month from the date he voiced the need for it. There is no indication that the delay was caused by deliberate indifference, as the filter was ordered the day it was requested.

Additionally, the defendants *were not required* to adhere to the prescription from the outside LSU physician. The law is clear that a prison doctor's disagreement with, or failure to follow, an outside physician's treatment plan or recommendation does not amount to deliberate indifference. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999)(The failure of a prison doctor to follow the recommendations of an outside treating physician did not present a material fact issue for deliberate indifference.); Clifford v. Doe, 303 Fed.Appx. 174, 2008 WL 5210663 (5th Cir., December 15, 2008) (fact that medical staff at the prison did not follow the treatment plan recommended by an outside physician did not amount to deliberate indifference).

Likewise, Plaintiff complains that, on or about October 26, 2013, he was provided with saline nasal moisturizing spray to treat his nasal dryness, rather than a heated humidifier as prescribed in 2012. However, after complaining that the nasal spray was not working, Plaintiff received a heated humidifier on October 29, 2013. [Doc. #1-1, p.30]   As noted above, the prison doctor was

not required to follow the recommendations of the outside physician. There are no allegations not amount to deliberate indifference with respect to the humidifier.

Plaintiff further alleges that he wrote a letter to Mona Heyse, and that she failed to investigate Plaintiff's administrative grievance. An inmate has no constitutional right to have his grievances or complaints addressed, investigated, or resolved. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Thus, the claim against Heyes is frivolous.

Plaintiff complains that medical director Mark Davis showed poor judgment and denial of filters, C-PAP machine, and failed to treat diagnosed conditions. He also claims that Tim Keith and Nicole Walker, administrators, interfered with his treatment and failed to investigate his complaints. To state a civil rights claim, the plaintiff must allege that the defendant was deliberately indifferent to a serious medical need or risk of harm. That is, the plaintiff must allege that the defendant was aware of an excessive risk to plaintiff's health or safety, and yet consciously disregarded the risk. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002). Plaintiff has not provided any such factual allegations against these defendants. The evidence provided shows that the C-PAP parts were ordered when Plaintiff requested them. Moreover, as stated above, the WNC was not required to follow the recommendation of the LSU doctors.

5

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims be **DENIED and DISMISSED as frivolous and failing to state a claim** under 28 U.S.C. §1915(e)(2)(b) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 30th day of April, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE